# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**OUATI K. ALI,**
        **Plaintiff,**

v.                                                                          Case No. 13-C-1353

**HUGH WESLEY ROBINSON and**
**NATIONAL LEGAL PROFESSIONAL**
**ASSOCIATION,**
        **Defendants.**

## ORDER

Ouati Ali and Cindy Ali filed a complaint with this court. In an order dated January 9, 2014, I noted that Cindy would have to either pay her own filing fee or separately request leave to proceed in forma pauperis. In response to this order, Ouati has indicated that Cindy wishes to voluntarily withdraw her claims. However, because Ouati is not Cindy's attorney, he cannot file anything on her behalf and I cannot accept his representation that she wishes to withdraw her claims. Still, in my prior order, I stated that unless Cindy either paid the filing fee or requested leave to proceed in forma pauperis within twenty-one days of January 9th, I would dismiss her from this case. Twenty-one days has now passed, and Cindy has not either paid the filing fee or requested leave to proceed in forma pauperis. Thus, I may dismiss her from the case after all.

With respect to Ouati's claim, I noted in my prior order that it appears to be a state-law claim for breach of contract or legal malpractice, which would not arise under federal law. In his most recent letter, Ouati suggests that I may exercise diversity jurisdiction over this claim pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount

1

in controversy is greater than the statutory minimum, which is $75,000. However, the facts alleged in the complaint do not establish that the prerequisites to exercising diversity jurisdiction have been satisfied.

First, the plaintiff has not alleged facts showing that the parties were completely diverse at the time the complaint was filed—meaning that no defendant was a citizen of the same state as the plaintiff. As I read Ouati's complaint, there are three parties: Ouati, Hugh Robinson, and an organization known as the National Legal Professional Association. Ouati and Robinson are individuals, and for purposes of diversity jurisdiction the citizenship of an individual is determined by his or her domicile. See Dakuras v. Edwards, 312 F.3d 256, 258 (7th Cir. 2002). Yet the complaint does not identify the domicile of either Ouati or Robinson. The complaint identifies the addresses of these parties—Ouati is an inmate in Wisconsin, and Robinson has an address in Ohio—but this does not establish their domiciles. A person's domicile is the place where he or she intends to remain indefinitely. See, e.g., Perry v. Pogemiller, 16 F.3d 138, 140 (7th Cir. 1993). This may or may not be the place where he or she maintains an address. Indeed, a prisoner such as Ouati is not necessarily domiciled in the state in which he is incarcerated. See Bontkowski v. Smith, 305 F.3d 757, 763 (7th Cir. 2002) ("incarceration in a state does not make one a citizen of that state"). As for the remaining defendant, the National Legal Professional Association ("NLPA"), its citizenship depends on the manner in which it is organized. If it is a corporation, it is a citizen of both the state in which it is incorporated and the state in which it maintains its principal place of business. See 28 U.S.C. § 1332(c)(1). Here, Ouati has not alleged the manner in which the NLPA is organized or any other facts that would identify its citizenship.

Another problem is that the plaintiff has not shown that the amount-in-controversy requirement has been met. Cases meet this requirement when the amount in controversy exceeds $75,000, exclusive of interest and costs. See 28 U.S.C. § 1332(a). Here, the plaintiff has not alleged that his claim is worth more than $75,000. Instead, he alleges that he brought this suit to recover $6,000 that he had paid to Hugh Robinson. The plaintiff seems to allege that Robinson caused him other harm, but the plaintiff has not provided a good-faith estimate of the monetary value of this harm. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–89 (1938) (holding that for purposes of determining the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith").

If the plaintiff intends to proceed with his claim in this court, then he must amend his jurisdictional allegations. First, he must identify the citizenship (that is, the domicile) of both himself and Robinson. Second, he must identify the manner in which the NLPA is organized (is it a corporation, a partnership, or an unincorporated association?) and provide the information necessary to determine the citizenship of an entity that is so organized (e.g., if it is a corporation, provide the state of incorporation and principal place of business). Third, he must estimate the value of the relief he seeks.

If any of the defendants are citizens of the same state as the plaintiff, then this case cannot proceed in federal court. Likewise, if the plaintiff cannot in good faith allege that the amount in controversy exceeds $75,000, exclusive of interest and costs, then this case cannot proceed in federal court. If it turns out that this case cannot proceed in federal court, then the plaintiff may wish to refile the case in an appropriate state court, such as a state court in Wisconsin or Ohio.

3

Accordingly, **IT IS ORDERED** that Cindy Ali is **DISMISSED** as a party.

**IT IS FURTHER ORDERED** that this case will be dismissed for lack of subject matter jurisdiction unless, within 21 days of the date of this order, Ouati files amended jurisdictional allegations showing that the prerequisites to diversity jurisdiction have been satisfied.

Dated at Milwaukee, Wisconsin this 4th day of February, 2014.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge

4