UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

OUATI K. ALI,
        Plaintiff,

v.                                                                            Case No. 13-C-1353

HUGH WESLEY ROBINSON and
NATIONAL LEGAL PROFESSIONAL
ASSOCIATES,
        Defendants.

---

### ORDER

On February 4, 2014, I issued an order informing plaintiff that this case would be dismissed for lack of subject matter jurisdiction unless he filed amended jurisdictional allegations showing that the prerequisites to diversity jurisdiction, 28 U.S.C. § 1332, have been satisfied. Instead of responding to that order, plaintiff filed a motion to amend his complaint. The proposed amended complaint does not allege that federal jurisdiction may be exercised pursuant to 28 U.S.C. § 1332. Rather, the complaint alleges that jurisdiction is appropriate under 28 U.S.C. § 1331 (federal-question jurisdiction) because it includes a cause of action under the Racketeer Influenced and Corrupt Organizations (RICO) statute. However, the amended complaint does not contain allegations which, if accepted as true, establish that the defendants are liable under RICO. Therefore, the complaint does not state a federal claim on which federal-question jurisdiction could be based.

To plead a viable RICO claim, a plaintiff must allege a pattern of racketeering activity. See, e.g., Williams v. Aztar Indiana Gaming Corp., 351 F.3d 294, 298 (7th Cir. 2003). The RICO statute does not define the pattern requirement, but provides that a

1

pattern requires at least two acts of racketeering activity within a ten-year period, 18 U.S.C. § 1961(5), and "racketeering activity" is defined to include any act indictable under specified provisions of the United States Code, including mail fraud under 18 U.S.C. § 1341. In addition to at least two predicate acts, a RICO plaintiff must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity. Id.

Here, the plaintiff has not alleged that each defendant committed two related predicate acts in furtherance of a scheme of continued criminal activity. All plaintiff alleges is that someone (possibly not himself[1]) paid the defendants for a service that they did not adequately perform. There are no allegations establishing that the defendants committed two acts of mail fraud[2] or any other crime that constitutes a predicate act under RICO. Indeed, the complaint does not even allege facts showing that the defendants committed any fraud at all. Again, all the complaint alleges is that someone paid the defendants for services, and that the plaintiff was unsatisfied with those services. This is not enough to allege a claim for fraud. See Fed. R. Civ. P. 9(b). At best, it seems that plaintiff may have a state-law claim for breach of contract against the defendants. If so, that claim cannot be litigated in federal court unless the requirements of the diversity jurisdiction have been met.

---

[1] The plaintiff alleges that the defendants received certain sums of money, but he does not allege that he is the person who paid those sums. If he did not, then he might not have Article III standing to sue because he might not have suffered a legally cognizable injury in fact. See, e.g., Markadonatos v. Vill. of Woodridge, 739 F.3d 984, 988 (7th Cir. 2014).

[2] The elements of mail fraud under 18 U.S.C. § 1341 are: (1) the defendant's participation in a scheme to defraud; (2) defendant's commission of the act with intent to defraud; and (3) use of the mails in furtherance of the fraudulent scheme. Williams, 351 F.3d at 298–99.

2

Case 2:13-cv-01353-LA   Filed 02/28/14   Page 2 of 4   Document 12

And because the plaintiff has failed to respond to my previous order, I have no choice but to conclude that the requirements for diversity jurisdiction have not been met.

Because the proposed amended complaint does not adequately allege a basis for exercising federal subject matter jurisdiction, I will deny the plaintiff's motion to amend the complaint. Although I have already given the plaintiff a second chance to show that I may exercise subject matter jurisdiction over this case, I will grant him one final chance to do so. If plaintiff believes that he can adequately plead a RICO claim against the defendants, he may, within 21 days, file an amended complaint that corrects the defects identified above. This will be the plaintiff's last opportunity to file a complaint showing that federal jurisdiction exists. If plaintiff's next amended complaint fails to demonstrate that federal jurisdiction exists, I will dismiss this action and not grant the plaintiff leave to file a fourth complaint.

Before closing, I also note that one of the forms of relief plaintiff requests—that his post-conviction appeal rights be reinstated—is not a remedy for breach of contract or a remedy available in a RICO action. Thus, even if the plaintiff is able to file a complaint that meets the requirements for exercising federal jurisdiction, I will under no circumstances be able to reinstate his post-conviction appeal rights.

Accordingly, **IT IS ORDERED** that plaintiff's motion to amend his complaint is **DENIED**.

**IT IS FURTHER ORDERED** that this case will be dismissed for lack of subject matter jurisdiction unless, within 21 days of the date of this order, plaintiff files an amended complaint that adequately pleads a RICO claim.

Dated at Milwaukee, Wisconsin this 28th day of February, 2014.

                                              s/ Lynn Adelman
                                              _____
                                              LYNN ADELMAN
                                              District Judge